**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **OLUWAFEMI SAMUEL SHODIPE,**<br>2307 Rogate Circle,<br>Windsor Mill, MD 21244,<br><br>     **Plaintiff,**<br><br>     **v.**<br><br>**KIRSTJEN M. NIELSEN, Secretary,**<br>**U.S. Department of Homeland**<br>**Security, in her official capacity as**<br>**well as her successors and assigns,**<br>c/o Office of the General Counsel,<br>245 Murray Lane, S.W.,<br>Building 410,<br>Washington, D.C.  20528,<br><br>     **and**<br><br>**MATTHEW G. WHITAKER, Acting**<br>**Attorney General of the United**<br>**States, in his official capacity as well**<br>**as his successors and assigns,**<br>U.S. Department of Justice,<br>950 Pennsylvania Avenue, N.W.,<br>Washington, D.C. 20530,<br><br>     **and**<br><br>**CHRISTOPHER A. WRAY, Director,**<br>**Federal Bureau of Investigation,**<br>**in his official capacity, as well as his**<br>**successors and assigns,**<br>J. Edgar Hoover Building,<br>935 Pennsylvania Avenue N.W.,<br>Washington, D.C. 20535,<br><br>     **and**<br><br>**L. FRANCIS CISSNA,  Director, U.S.**<br>**Department of Homeland Security,**<br>**U.S. Citizenship and Immigration**<br>**Services, in his official capacity, as**<br>**well as his successors and assigns,**<br>20 Massachusetts Avenue, N.W.,<br>Washington, D.C. 20529, | **COMPLAINT FOR DECLARATORY**<br>**AND INJUNCTIVE RELIEF AND FOR**<br>**WRIT OF MANDAMUS**<br><br>**CIVIL ACTION NO. _____**<br><br>**ALIEN NO.:  A097751327**<br><br>**AGENCY CASE NUMBER: EAC-13-**<br>**103-50667**<br><br>**REQUEST FOR ORAL ARGUMENT** |

**and** )
 )
**CONRAD ZARAGOZA, Field Office** )
**Director, Baltimore Field Office, U.S.** )
**Department of Homeland Security,** )
**U.S. Citizenship and Immigration** )
**Services, in his official capacity as** )
**well as his successors and assigns,** )
**3701 Koppers Street,** )
**Baltimore, MD 21227,** )
 )
**and** )
 )
**GREG L. COLLETT, District Director,** )
**Baltimore District Office, U.S.** )
**Department of Homeland Security,** )
**U.S. Citizenship and Immigration** )
**Services, in his official capacity as** )
**well as his successors and assigns,** )
**3701 Koppers Street,** )
**Baltimore, MD 21227,** )
 )
**and** )
 )
**LAURA B. ZUCHOWSKI,** )
**Director, Vermont Service Center,** )
**U.S. Department of Homeland** )
**Security, U.S. Citizenship and** )
**Immigration Services, in her official** )
**capacity as well as her successors** )
**and assigns,** )
**75 Lower Welden Street,** )
**St. Albans, VT 05479,** )
 )
**Defendants.** )
 )
 )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR WRIT OF MANDAMUS

Plaintiff Oluwafemi Samuel Shodipe, through his undersigned counsel, alleges as follows:

## I.  INTRODUCTION

1.      This civil action seeks to compel unreasonably delayed government action on the

adjudication of the I-485 Application for Adjustment of Status ("I-485 application") to Lawful

Permanent Resident ("LPR") properly filed by Plaintiff on or about February 26, 2013.  This

application was filed with and remains in the jurisdiction of U.S. Citizenship and Immigration Services ("USCIS"), which has improperly withheld action on this I-485 application for **at least 1,400 days**, to Plaintiff's detriment.

2.      When Congress enacted the Immigration Services and Infrastructure Improvements Act of 2000, it indicated that immigration benefit Applications filed under the Immigration and Nationality Act ("INA") (which include I-485 applications) "should be completed not later than **180 days** after the initial filing of the application…." 8 U.S.C. §1571(b).

3.      The Administrative Procedure Act ("APA") requires that administrative agencies conclude matters presented to them "within a reasonable time." 5 U.S.C. §555(b).

4.      This action seeks injunctive and mandamus relief to compel USCIS to adjudicate Plaintiff's I-485 application.  The APA provides that a person adversely affected by agency action is entitled to judicial review.  *See* 5 U.S.C. §702.  A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

5.      Plaintiff has made inquiries with USCIS regarding the delayed adjudication of his I-485 application, without success.  Plaintiff has not been advised of any specific problem, issue, or question about his filing.  Instead, Plaintiff has simply been told that his I-485 application was being subjected to further review and that he has to wait, indefinitely, with no end in sight.

6.      As a result, Plaintiff suffers the hardships of unreasonably and unlawfully delayed adjudication, as detailed further herein.

7.      This action also seeks to compel the Federal Bureau of Investigation ("FBI") to complete Plaintiff's National Name Check Program ("NNCP") clearance, which may be contributing to the unreasonably delayed adjudication of this I-485 application.

8.      Plaintiff seeks an order from this Honorable Court directing Defendants to complete all necessary steps and adjudicate the subject I-485 application within fourteen (14) days of an Order of this Court.

9.      Plaintiff is entitled to attorneys' fees and costs pursuant to the Equal Access to

Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq*.

## II.  JURISDICTION

10.    This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. §1331 (federal question jurisdiction), because Plaintiff's claims arise under the laws of the United States, including 5 U.S.C. §§555 and 701, *et seq*. (APA), 8 U.S.C. §1101 *et seq*. (INA) (including 8 U.S.C. §§1151, 1154 and 1255), and 8 U.S.C. §1571 (Immigration Services and Infrastructure Improvements Act of 2000); and (2) 28 U.S.C. §1361 (Mandamus Act).  This court may grant relief in this action under 5 U.S.C. §§553, *et seq*. and §§701 *et seq*. (APA); 28 U.S.C. §§1361, *et seq*. (Mandamus Act), 28 U.S.C. §§651, *et seq*. (All Writs Act), and 28 U.S.C. §§2201, *et seq*. (Declaratory Judgment Act).

## III.  VENUE

11.    Venue is properly with this Court, pursuant to 28 U.S.C. §1391(e)(1), because:

a.  Defendant Secretary Kirstjen M. Nielsen is an officer of the Department of Homeland Security ("DHS") and is responsible for the operation of the DHS and its sub-agency USCIS, which are both headquartered in the District of Columbia.  Defendant Nielsen performs a significant amount of her official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

b.  Defendant Acting Attorney General Matthew G. Whitaker is an officer of the Department of Justice ("DOJ"), which is headquartered in the District of Columbia. Defendant Whitaker performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

c.  Defendant Director Christopher A. Wray is an officer of the DOJ and Director of the FBI, which is headquartered in the District of Columbia.  Defendant Wray performs a significant amount of his official duties in the District of Columbia and resides, for purposes of

venue, within the District of Columbia;

        d.   Defendant L. Francis Cissna is an officer of the DHS and is the Director of the USCIS, which is headquartered in the District of Columbia.  Defendant Cissna performs a significant amount of his official duties in the District of Columbia and reside, for purposes of venue, within the District of Columbia;

        e.   A substantial part of the events or omissions giving rise to Plaintiff's Complaint occurred within the offices of the DHS, FBI, and USCIS, which are all headquartered in the District of Columbia; and

        f.   Judicial economy and the interests of justice warrant that Plaintiff's action be brought and decided in the District of Columbia, because the above-listed U.S. Government Defendants perform a significant amount of their official duties, and their agencies are all located, within the jurisdiction of this Honorable Court, or are subject to the direction of their Agency Director who is similarly located within the District of Columbia.[1]

        g.   Due to the decentralized nature of USCIS case processing, which allows for the transfer of immigrant benefit petitions and applications to any USCIS facility located anywhere in the United States of America, at any time, venue is only appropriate in the District Court for the District of Columbia.

## IV.  PARTIES

     12.   Plaintiff, Oluwafemi Samuel Shodipe, is an adult individual who is a national of Nigeria and resides lawfully in the United States.  He resides at 2307 Rogate Circle, Windsor Mill, MD 21244.  *See* Affidavit of Oluwafemi Samuel Shodipe, dated December 22, 2018, a copy of

---

[1] Courts in this district have held that, "[w]hen an officer or agency head performs a 'significant amount' of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue." *Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 248 (D.D.C. 2007) (citing *Jyachosky v. Winter*, 2006 U.S. Dist. LEXIS 44399 at 12 (D.D.C. June 29, 2006) (citing *Bartman v. Cheney*, 827 F.Supp. 1, 1 (D.D.C. 1993) (holding that the Secretary of Defense resides in Washington, D.C. for purposes of 28 U.S.C. §1391(e))).

which is attached and incorporated hereto as Exhibit A.

13.     Kirstjen M. Nielsen is the Secretary of the DHS and this action is brought against her in her official capacity only, as well as her successors and assigns.  She is charged with overseeing the DHS, which includes sub-agency USCIS, and with implementing the INA.  She is further authorized to delegate certain powers and authority to subordinate employees of the USCIS, which is an agency within the DHS.  DHS is headquartered at 245 Murray Lane, S.W., Washington, D.C. 20598.

14.     Matthew G. Whitaker is the Acting Attorney General of the United States and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with certain functions involved in the implementation of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the FBI, which is an agency within the U.S. Department of Justice.  More specifically, Mr. Whitaker is responsible for overseeing the timely completion of all requests made by the USCIS for security clearances, including screenings by the FBI's NNCP, which is mandated by Executive Order No. 10450. Presently, every intending immigrant must pass an FBI NNCP screening before his or her I-485 application can be approved.  The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, D.C.  20530.

15.     Christopher A. Wray is the Director of the FBI and is named herein only in his official capacity, as well as his successors and assigns, and his duties include ensuring timely completion of all requests made by the USCIS for security clearances, including NNCP screenings.  The FBI is headquartered at the J. Edgar Hoover Building, 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535.

16.     L. Francis Cissna is the Director of the USCIS, who is named herein only in his official capacity, as well as his successors and assigns.  He is generally charged with the implementation of the INA, and is further authorized to delegate certain powers and authority to subordinate employees of the USCIS.  USCIS is specifically assigned the adjudication of I-485

Applications.  USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

17.    Conrad Zaragoza is the Field Office Director for the Baltimore Field Office of USCIS.  USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

18.    Greg L. Collett is the District Director for the Baltimore District Office of USCIS. USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

19.    Laura B. Zuchowski is the Director of the Vermont Service Center of the USCIS located at 75 Lower Welden Street, St. Albans, VT 05479 and is named herein only in her official capacity, as well as her successors and assigns. The I-485 application in question was filed with USCIS and forwarded to the USCIS Vermont Service Center and may presently be located at this USCIS facility.  *See* Exhibit A.

## V.  STATEMENT OF FACTS

### A.    Process to Become a Lawful Permanent Resident

20.    An alien residing in the U.S. must complete a multi-step process to become a lawful permanent resident (LPR) based on a marriage to a U.S. citizen.

21.    First, a sponsoring U.S. citizen spouse files an I-130 petition with USCIS requesting approval on behalf of a named alien spouse beneficiary.  *See* INA §204(a), 8 USC §1204, 8 CFR §§204.2(a).  An approved I-130 petition is a prerequisite to the approval of the I-485 application.  *See* 8 CFR §245.2(a)(2)(i).

22.    After an I-130 petition has been filed with USCIS, the beneficiary may, if their visa priority date is current, file his or her I-485 Application to Adjust Status to that of a lawful permanent resident.  *See* 8 C.F.R. §245.2(a)(2)(i).

23.    USCIS may approve an I-485 application after the approval of an I-130 petition and when there is a visa number available to the adjustment applicant.  *See* 8 CFR §245.2(a)(2)(A).

**B.**    **Case History**

24.    On January 25, 2001, Plaintiff entered the U.S. pursuant to a valid F-1 visa. *See* Exhibit A.

25.    While attending the Community College of Baltimore County, Catonsville, Plaintiff met Katrina Boyd and they began dating.  *See* Exhibit A.

26.    Plaintiff and Katrina Boyd married on May 29, 2003.  *See* Exhibit A.

27.    Katrina Boyd filed an I-130 petition sponsoring Plaintiff for lawful permanent residency ("green card status") on August 14, 2003.  *See* Exhibits A and B.

28.    Plaintiff filed his I-485 Application to Adjust his status from F-1 to lawful permanent residence, based on Katrina Boyd's pending I-130 petition, with Defendant USCIS on August 14, 2003.  *See* Exhibits A and C.

29.    Plaintiff and Katrina Boyd were interviewed on this I-130 petition by Defendant USCIS through USCIS Officer Elaine Young on January 27, 2004 at the USCIS Baltimore Field Office.  *See* Exhibits A and D.

30.    On August 8, 2012, Katrina Boyd sent a written request to Defendant USCIS requesting that her I-130 petition filed on Plaintiff's behalf be withdrawn.  *See* Exhibits A and E.

31.    On September 6, 2012, Defendant USCIS issued a decision acknowledging that Katrina Boyd withdrew her I-130 petition and noting that the petition was automatically denied. *See* Exhibits A and B.

32.    The same day, Defendant USCIS denied Plaintiff's first I-485 application.  *See* Exhibit C.

33.    On February 26, 2013, Plaintiff filed an I-360 Petition for Amerasian, Widower, or Special Immigrant with Defendant USCIS.  This I-360 petition was assigned receipt number EAC-13-103-50663.  *See* Exhibits A and F.

34.    Plaintiff concurrently filed his second I-485 application along with his I-360 petition. *See* Exhibits A and G.

35.    On December 24, 2014, Defendant USCIS approved Plaintiff's I-360 petition.  *See* Exhibits A and F.

36.    On May 8, 2015, Plaintiff was interviewed by Defendant USCIS Officer J. Navarro Kirlin at the USCIS Baltimore Field Office.  At the conclusion of this interview, Plaintiff was given a "Notice of Interview Results" that stated that his I-485 application was being held for further review.  *See* Exhibits A and H.

37.    Over the past 3.5 years, Plaintiff has made numerous attempts to resolve the delay in his I-485 application.  Plaintiff has made requests, both individually and through Members of Congress, to Defendant USCIS, to resolve the delay in his I-485 application.  Despite these efforts, Defendant USCIS has not taken action on Plaintiff's pending I-485 application.  *See* Exhibit A.

38.    It has now been **more than 1,400 days** since Plaintiff's I-485 application has been eligible for adjudication by Defendant USCIS.  *See* Exhibits A, F and H.

39.    Since Plaintiff's I-360 application was approved based on abuse committed by his U.S. citizen spouse (who was his previous I-130 sponsor), Plaintiff's I-485 may be approved at any time as his immigrant visa is "immediately available."  *See* USCIS Policy Manual, Volume 7, Adjustment of Status, Part A – Adjustment of Status Policies and Procedures, Chapter 6, Adjudicative Review, Section C, Verify Visa Availability [7 USCIS-PM A.6(C)], a copy of which is attached hereto as Exhibit I, and USCIS Policy Manual, Volume 7, Adjustment of Status, Part B – 245(a) Adjustment, Chapter 2, Eligibility Requirements, a copy of which is attached hereto as Exhibit J.

40.    Due to extreme delay, Plaintiff's I-485 application is still pending with USCIS.  *See* Exhibits A and H.

41.    Plaintiff has completed all steps required regarding this I-485 application, including submitting to in-person interviews.  *See* Exhibits A and H.

42.    Congress set the period of **180 days** as the normative expectation for the

government to complete the processing of immigration benefit applications (which include I-485 applications) when it enacted the Immigration Services and Infrastructure Improvements Act of 2000. Congress indicated that adjudication of such applications "should be completed not later than 180 days after the filing of the initial filing of the application…."   *See* 8 U.S.C. §1571(b).

43.     Based on information given to Plaintiff and consistent with USCIS policy, Plaintiff's I-485 application should be pending at one of the Defendant USCIS's offices.  *See* Exhibit A.

44.     Based on USCIS's own published processing times, the USCIS Baltimore Field Office (where Plaintiff's I-485 application may be pending) is taking between 10.5 and 21.5 months to process I-485 applications.  Yet Defendants have not adjudicated Plaintiff's I-485 application, which was filed on February 26, 2013.  *See* USCIS Processing Time Information for the Baltimore Field Office, a copy of which is attached and incorporated hereto as Exhibit K.

**D.     USCIS and FBI Security Checks**

45.     Once any application for an immigration benefit is filed, which includes I-485 applications, the FBI conducts mandatory criminal and national security background checks before an adjudication of the petition or application is completed.  These security checks include the FBI Name Check, which is part of the NNCP.  *See* Declaration of Bradley J. Brouillette, Supervisory Center Adjudications Officer at the VSC, dated April 23, 2007, at page 2, a copy of which is attached and incorporated hereto as Exhibit L.

46.     In a majority of FBI Name Checks, no "matches" or indications of derogatory information are found.  *See* Exhibit L, page 2.

47.     The FBI processes USCIS-requested NNCP checks chronologically, based on the date the request was forwarded.  Initial responses to the NNCP check are generally available within two (2) weeks.  In eighty percent (80%) of Applications, no "match" or derogatory information is found.  Of the remaining twenty percent (20%), most NNCP checks are resolved within six (6) months.  *See* Exhibit L, page 6 and USCIS Fact Sheet, dated April 25, 2006, which was referenced in and incorporated into Mr. Brouillette's Declaration, at pages 2-3.

48.     The FBI has stated, in a declaration previously submitted to a court in this district, that it has historically resolved approximately sixty-eight percent (68%) of NNCP name checks with a "no record" result within seventy-two (72) hours.  Of the remaining cases, a secondary check historically has revealed a "no record" result within an additional thirty to sixty (30 - 60) days for twenty-two percent (22%) of all cases.  Of the remaining ten percent (10%) of cases, less than one percent (1%) of USCIS cases are identified with a file containing *possible* derogatory information.  *See* Declaration of Michael A. Cannon, dated April 13, 2007, at pages 5-6, a copy of which is attached and incorporated hereto as Exhibit M.

49.     On June 22, 2009, USCIS issued an update on the FBI Name Check Backlogs, indicating that much of the backlog has been eliminated.   The Update indicated that USCIS and the FBI had reached their goal of completing 98% of USCIS Name Check requests within 30 days, and process the remaining two within three months.  *See* USCIS Update on FBI Name Check backlogs, June 22, 2009, a copy of which is attached and incorporated hereto as Exhibit N.

E.     **Exhaustion of Administrative Remedies**

50.     Plaintiff, individually and through counsel, has contacted Defendants on multiple occasions regarding the adjudication of his I-485 application.  *See* Exhibit A.

51.     There are no further administrative remedies available to Plaintiff to redress his grievances described herein.

## VI.  CLAIMS FOR RELIEF

### Count I

### (Violation by DHS/USCIS of 5 U.S.C. §555(b))

52.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

53.     Pursuant to the APA, a person adversely affected by agency action in entitled to

judicial review.  *See* 5 U.S.C. §702.  Agency action includes a failure to act.  *See* 5 U.S.C. §551(13).

54.     The APA requires agencies to conclude matters presented to them "within a reasonable time."  5 U.S.C. §555(b).

55.     A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

56.     Under the APA, USCIS has a mandatory, non-discretionary duty to complete the adjudication of Plaintiff's I-485 application, and to do so within a reasonable time.

57.     Under the INA and DHS regulations, DHS, through its sub-agency USCIS, has a mandatory, non-discretionary duty to adjudicate Plaintiff's I-485 application.  *See* 8 U.S.C. §1255 (providing non-citizens the right to seek adjustment of status and assigning the Secretary of DHS the task of adjudicating such Applications), 8 C.F.R. §103.2(b)(19) (requiring a written decision on petitions and applications) and 8 C.F.R. §245.2(a)(5)(i) (requiring notification to the applicant of the decision on the I-485 application for adjustment of status and the reasons therefore).

58.     Plaintiff challenges only the reasonableness of Defendants' delay or inaction in the adjudication of the subject application, not the grant or denial of this filing.

59.     The INA indicates that a reasonable time period for USCIS to adjudicate applications for immigration benefits (which includes I-485 applications) is within 180 days of filing. *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration benefit application, which includes I-485 applications, should be completed not later than 180 days after the initial filing of the applications).

60.     Based on the USCIS' own published processing times, the USCIS Baltimore Field Office (where Plaintiff's I-485 application may be pending) is adjudicating I-485 applications in approximately 10.5 to 21.5 months, yet has not adjudicated Plaintiff's I-485 application, which was filed on February 26, 2013.  *See* Exhibits A, G, and K.

61.     USCIS' delay in adjudication of Plaintiff's I-485 application of more than 1,400

days, since Plaintiff's I-360 application was approved, is unreasonable and in violation of the APA.

62.     Plaintiff has exhausted his administrative remedies.

63.     USCIS' unreasonable and unlawful delay in adjudication of Plaintiff's I-485 application has caused, and is causing, Plaintiff ongoing and substantial injuries.

**Count II**

**(Mandamus Action to Compel an Officer of DHS/USCIS to Perform his Duty)**

64.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

65.     Plaintiff asserts claims for mandamus relief under 28 U.S.C. §1361 which provides the authority to compel an agency to perform a duty owed to him.

66.     USCIS has a mandatory, ministerial, non-discretionary duty to adjudicate Plaintiff's I-485 application.  *See*, *e.g.,* 8 U.S.C. §1255 (providing non-citizens the right to seek adjustment of status and assigning the Secretary of DHS the task of adjudicating such applications), 8 C.F.R. §103.2(b)(19) (requiring a written decision on petitions and applications),   and 8 C.F.R. §245.2(a)(5)(i) (requiring notification to the applicant of the decision on the I-485 application for adjustment of status and the reasons therefore).

67.     USCIS has a mandatory, ministerial, non-discretionary duty to adjudicate Plaintiff's I-485 application within a reasonable time.

68.     Plaintiff challenges only the reasonableness of Defendants' delay or inaction in the adjudication of the subject application, not the grant or denial of this filing.

69.     The INA indicates that a reasonable time period for USCIS to adjudicate petitions and applications for immigration benefits such as applications for Adjustment of Status is within 180 days of initial filing.   *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration benefit application, which includes I-485 applications, should be completed not later than 180 days after the initial filing of the applications).

70.     Based on the USCIS' own published processing times, the USCIS Baltimore Field Office (where Plaintiff's I-485 application may be pending) is adjudicating I-485 applications that were filed between 10.5 and 21.5 months ago, yet has not adjudicated Plaintiff's I-485 application which was filed on February 26, 2013.  *See* Exhibits A, G, and K.

71.     Against these standards, DHS/USCIS have failed to adjudicate the subject application within a reasonable period of time, considering that more than 1,400 days have passed since Plaintiff's I-360 application was approved.  *See* Exhibits A, F, and G.

72.     Plaintiff has no other adequate remedy to compel the agency to perform its duties, since he has contacted USCIS without results or indication of when adjudication of his I-485 application might be forthcoming.

73.     Plaintiff asks the Court to compel DHS Secretary Kirstjen Nielsen, USCIS Director Francis Cissna, Field Office Director Conrad Zaragoza, District Director Greg L. Collett, and Vermont Service Center Director Laura Zuchowski to perform their duties and adjudicate Plaintiff's I-485 application.

74.     USCIS' unreasonable and unlawful delay in adjudication of the subject I-485 application has caused, and is causing, Plaintiff ongoing and substantial injury.


**Count III**

**(Violation by DOJ/FBI of 5 U.S.C. §555(b))**

75.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

76.     Pursuant to the APA, a person adversely affected by agency action in entitled to judicial review.  *See* 5 U.S.C. §702.  Agency action includes a failure to act.  *See* 5 U.S.C. §551(13).

77.     The APA requires agencies to conclude matters presented to them "within a reasonable time."  5 U.S.C. §555(b).

78.     A court may "compel agency action unlawfully withheld or unreasonably delayed."
5 U.S.C. §706(1).

79.     Defendant FBI has a mandatory, non-discretionary duty to complete all USCIS-
requested NNCP name checks.   *See, e.g.,* Pub. L. 105-119, Title I, 111 Stat. 2440, 2448-49
(1997); 8 C.F.R. §335.2(b).

80.     Defendant FBI has a mandatory, non-discretionary duty to complete USCIS-
requested NNCP name checks within a reasonable time.

81.     Plaintiff's Complaint challenges only the reasonableness of Defendants' delay or
inaction in the completion of the NNCP checks on the subject I-485 application, not the grant or
denial of this filing.

82.     Defendant FBI's delay in completing these NNCP name checks is unreasonable
and therefore in violation of the APA, considering that more than 2,000 days have passed since
Plaintiff filed his I-485 application, which is far in excess of the average time it takes the FBI to
complete a name check.

83.     Defendant FBI's unreasonable delay in completing the NNCP name checks for the
subject I-485 application is preventing adjudication by USCIS.

84.     Plaintiff has exhausted his administrative remedies.

85.     The FBI's unreasonable and unlawful delay in completion of the NNCP name
checks for the subject I-485 application has caused, and is causing, Plaintiff ongoing and
substantial injuries.

**Count IV**

**(Mandamus Action to Compel an Officer of DOJ/FBI to Perform his Duty)**

86.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth
herein.

87.     Plaintiff asserts a claim for mandamus relief under 28 U.S.C. §1361 which provides
the authority to compel an agency to perform a duty owed to him.

88.     The FBI has a mandatory, ministerial, non-discretionary duty to complete the NNCP name checks for the subject I-485 application. *See, e.g.,* Pub. L. 105-119, Title I, 111 Stat. 2440, 2448-49 (1997).

89.     The FBI has a mandatory, ministerial, non-discretionary duty to complete the NNCP name checks for the subject I-485 application within a reasonable time.

90.     Plaintiff has a clear and certain right to have the NNCP name checks for the subject I-485 application completed within a reasonable period of time.

91.     Plaintiff challenges only the reasonableness of Defendants' delay or inaction in the completion of these NNCP checks, and adjudication of the subject I-485 application, not the grant or denial of this case.

92.     The FBI has failed to complete the NNCP name checks on the subject I-485 application within a reasonable period of time, considering that more than 2,000 days have passed since Plaintiff filed his I-485 application. This time period is far in excess of the average time it takes the FBI to complete a Name Check.

93.     Plaintiff has no other adequate remedy to compel the agency to perform its duties.

94.     Plaintiff asks this Court to compel Defendants Acting Attorney General Matthew G. Whitaker and FBI Director Christopher A. Wray to complete the FBI National Name Check Program clearances on the subject I-485 application, which is required for the USCIS to adjudicate Plaintiff's I-485 application.

95.     The FBI's unreasonable and unlawful delay in completion of these NNCP name checks has caused, and is causing, Plaintiff ongoing and substantial injuries.

## VII.  INJURIES TO PLAINTIFF

96.     The USCIS' unreasonable delay in adjudicating the subject I-485 application is causing Plaintiff substantial harm.  Plaintiff's ability to travel abroad and to work are restricted during the pendency of his application.  Plaintiff is unable to plan for his future.  *See* Exhibit A.

97.     The USCIS' unreasonable delay is preventing Plaintiff from obtaining LPR status in the United States.  This status would provide Plaintiff with the following benefits:  the right to remain lawfully in the U.S. and not be subject to deportation; the right to work in the United States, and the right to pursue U.S. citizenship through naturalization. *See* Exhibit A.


WHEREFORE, Plaintiff prays that this Honorable Court:

(1)     Declare that Defendants' delay in adjudicating Plaintiff's I-485 application (including completing the FBI name checks) is unreasonable and in violation of the APA and the INA;

(2)     Compel Defendant Secretary Kirstjen Nielsen, Defendant Director Francis Cissna, Defendant Center Director Laura Zuchowski, and Defendant Directors Greg Collett and Conrad Zaragoza to perform their duty to adjudicate Plaintiff's I-485 application;

(3)     Compel Defendant Acting Attorney General Matthew G. Whitaker and Defendant Director Christopher Wray to complete the name, background and security checks for the subject I-485 application;

(4)     Compel Defendants to complete all necessary steps and adjudicate the subject I-485 application within fourteen (14) days of an Order of this Court;

(5)     Grant such other relief as this Court deems proper under the circumstances; and

(6)     Grant attorney's fees, expenses and costs of court to Plaintiff, pursuant to the EAJA.


Respectfully submitted on this 15th day of January 2019.

/s/Brian S. Green, Esquire
U.S. District Court Bar # PA86888
SAID & GREEN, PC
5513 Twin Knolls Road, Suite 219
Columbia, MD 21045
Tel:   (410) 992-6602
Fax:  (410) 992-0236

Attorney for Plaintiff